Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND – LAKE COUNTY AND VICINITY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAVISTAR INTERNATIONAL CORPORATION, DANIEL C. USTIAN, ANDREW J. CEDEROTH, and JACK ALLEN,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 1:13-cv-2111<br><br>CLASS ACTION |

DECLARATION OF JAMES P. CONDON, DEPUTY CHIEF LEGAL OFFICER OF
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,
IN SUPPORT OF (A) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT; AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

I, James P. Condon, Deputy Chief Legal Officer and Secretary to the Board of Trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Central States" or "the Fund"), the Court-appointed Lead Plaintiff in this securities class action (the "Action"), hereby declare under penalty of perjury as follows:

1. I am the Deputy Chief Legal Officer of Central States. Included in my responsibilities is the oversight and supervision of all major case litigation to which the Fund is a party, including managing the Fund's relationships with outside counsel. I submit this declaration in support of (a) Lead Plaintiff's motion for final approval of the Settlement; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

2. I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action as set forth in the Private Securities Litigation Reform Act of 1995.

3. I have personal knowledge of the matters set forth in this Declaration, as I have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

4. Central States is a multiemployer, collectively bargained pension fund, established in 1955, which administers benefits for hundreds of thousands of participants, dependents and retirees. Central States has approximately 70,000 active participants and makes benefit payments to more than 210,000 retirees and surviving spouses each month. The Fund is located in Rosemont, Illinois, in this District, and has net assets of approximately $15.6 billion.

1

5.     By Order dated July 30, 2013 (Dkt. No. 55), the Court appointed Central States as Lead Plaintiff in the Action. In fulfillment of our responsibilities as Lead Plaintiff, and on behalf of all members of the Class, I supervised the prosecution of this Action and was involved in the negotiations that ultimately led to the Settlement currently before the Court.

6.     Since being appointed as Lead Plaintiff in July 2013, the Fund has devoted substantial time and energy in discharging its duties as a Lead Plaintiff. On behalf of Central States, I or members of my staff working at my direction have, among other things: (a) reviewed significant court filings in the Action; (b) received and reviewed regular reports from counsel regarding developments in the Action; (c) participated in telephonic and email communications with Lead Counsel regarding case strategy and developments; and (d) consulted with Lead Counsel during the course of their efforts to mediate and negotiate the Settlement, including discussions concerning appropriate amounts to settle the claims asserted in the Action, sending a representative to the mediation and conveying appropriate settlement authority to Lead Counsel.

7.     Based upon our good faith assessment of the strengths and weaknesses of the Class's claims, Central States strongly endorses approval of the Settlement by the Court. Based on our involvement throughout the prosecution and resolution of the Action, Central States decided to enter into the Settlement. Central States did so with an appreciation of the strengths and weaknesses of our claims against the Defendants and the hurdles the Class would have been required to overcome in order to prove liability, causation, and the full amount of damages at trial.

8.     Based on the foregoing, Central States believes that the Settlement represents an excellent recovery for the Settlement Class in the face of substantial litigation risks. Accordingly, Central States strongly supports approval of the Settlement as fair, reasonable and adequate.

9.      Central States takes seriously its role as Lead Plaintiff to ensure that the attorneys'

fees are fair in light of the result achieved for the Class and reasonably compensate Lead Counsel

for the work involved and the substantial risks they undertook in litigating the Action. Central

States has evaluated Lead Counsel's fee request by considering the work performed and by

considering the substantial recovery obtained by the Class.

10.     Central States believes that Lead Counsel's application for attorneys' fees of 22%

of the Settlement Fund, plus interest, and reimbursement of litigation expenses incurred by

Cohen Milstein in the amount of $150,215.40, is fair and reasonable in light of the work

performed by Lead Counsel on behalf of the Class.

11.     Central States is very pleased with the quality of representation provided by Lead

Counsel. Throughout the course of this Action, Lead Counsel has advocated zealously on behalf

of the Class.  We are also mindful that Lead Counsel litigated this Action on a contingency basis,

forgoing any payment unless and until settlement or judgment was obtained.

12.     Central States understands that reimbursement of a Lead Plaintiff's reasonable

costs and expenses is authorized under Section 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-

4(a)(4). For this reason, Central States seeks reimbursement for the costs and expenses that it

incurred directly relating to its representation of the Class in the Action.

13.     The time that I and my staff at my direction devoted to the representation of the

Class in this Action was time that otherwise would have been spent on regular duties on behalf

of Central States and, thus, represents a cost to the Fund. As such, Central States seeks

reimbursement in the amount of $8,715.50 for the time of the following personnel:

3

| Personnel | Title | Hours | Rate | Total |
|-----------|-------|-------|------|-------|
| James P. Condon | Deputy Chief Legal Officer | 36.25 | $170 | $6,162.50 |
| Charles H. Lee | Associate General Counsel | 3.1 | $150 | $465.00 |
| Mark L. Vieu | Division Manager, Financial Accounting | 16.2 | $115 | $1,863.00 |
| Mark Essington | Senior Financial Analyst | 3.0 | $75 | $225.00 |
| | **TOTAL** | 58.55 | | $8,715.50 |

14.     The chart above sets forth the estimated costs, on an hourly basis, for the services of each member of the Fund's staff who worked on this Action, based on salary, benefits, related administrative overhead, and the number of hours normally worked on an annual basis. These estimates are conservative in nature and reflect the minimum hourly cost to Central States for the services rendered.

15.     For the foregoing reasons, Central States respectfully requests that the Court approve in full (a) Lead Plaintiff's motion for approval of the Settlement; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and reimbursement of Central States' expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of Central States, Southeast and Southwest Areas Pension Fund.

Dated: September 23, 2016

James P. Condon
Deputy Chief Legal Officer
Central States, Southeast and Southwest Areas
Pension Fund

5