Exhibit 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| _____ ) | |
| CONSTRUCTION WORKERS PENSION ) | Civ. No. 1:13-cv-2111 |
| TRUST FUND – LAKE COUNTY AND ) | |
| VICINITY, Individually and on Behalf of ) | CLASS ACTION |
| All Others Similarly Situated, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| NAVISTAR INTERNATIONAL ) | |
| CORPORATION, DANIEL C. USTIAN, ) | |
| ANDREW J. CEDEROTH, and JACK ) | |
| ALLEN, ) | |
| Defendants. ) | |
| _____) | |

**DECLARATION OF ALEXANDER VILLANOVA REGARDING (A) MAILING OF**
**THE NOTICE AND PROOF OF CLAIM FORM; AND (B) REPORT ON REQUESTS**
**FOR EXCLUSION RECEIVED**

I, Alexander Villanova, declare and state as follows:

1.       I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.[1]

2.       Epiq was retained by Lead Counsel in the above-captioned action (the "Action"), and appointed to serve as the Claims Administrator pursuant to the Court's Preliminary Approval Order dated May 25, 2016 (Dkt. No. 163) ("Preliminary Approval Order"), approving the Settlement, directing the method of notice to be given to the Class and setting a Final Approval Hearing. I submit this Declaration in order to provide the Court and the parties to the Action with information regarding the mailing of the Court-approved Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and the Proof of Claim Form (together, the Notice and Proof of Claim Form are referred to herein as the "Notice Packet"), as well as the publication of the Summary Notice, and establishment of the website and toll-free number dedicated to this Settlement, in accordance with the Court's Preliminary Approval Order.

## DISSEMINATION OF THE NOTICE PACKET

3.       Epiq is responsible for disseminating the Notice Packet to potential Class Members in this Action. By definition, the Class consists of all persons and entities who purchased or otherwise acquired the common stock of Navistar International Corporation ("Navistar" or the "Company") between March 10, 2010 and August 1, 2012, inclusive (the "Class Period") subject to the exclusions as outlined in the Stipulation.

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated May 4, 2016 (Dkt. No. 161) (the "Settlement" or "Stipulation").

4.     On June 1, 2016, Epiq received a Microsoft Excel file from Lead Counsel that was forwarded from counsel for Navistar. The Excel file contained a list of record holders obtained from Navistar's transfer agent. This list had a total of 13,880 names and addresses. Epiq extracted the names and addresses, and after clean-up and checking for duplicate entries, there remained 13,830 unique names and addresses of potential Class Members.

5.     Epiq loaded this data into a database created for the Action.

6.     Epiq thereafter formatted the Notice Packet, and caused it to be printed, personalized with the name and address of each potential Class Member, posted for first-class mail, postage prepaid, and mailed to the potential Class Members on June 9, 2016 (the "Notice Date").  On the Notice Date, 13,830 copies of the Notice Packet were mailed. A copy of the Notice Packet is attached hereto as Exhibit A.

7.     As the large majority of potential Class Members are beneficial purchasers whose securities are held in "street name"—*i.e.*, the securities that are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers—Epiq sent a notice, otherwise known as a Broker Letter, attached hereto as Exhibit B, to the largest banks, brokers and other entities that commonly act as nominees. Epiq maintains and updates an internal list of 1,563 of the largest banks, brokers and other nominees, to whom the Broker Letter was mailed.

8.      The Broker Letter requested that those who purchased Navistar common stock for the beneficial interest of a person or organization other than themselves either (i) send a copy of the Notice Packet to the beneficial owner of such common stock, within 14 days from the date of the letter; or (ii) provide to Epiq the names and addresses of such persons no later than 14 days from the date of the letter.

9. Epiq completed its mailing of the Broker Letter to the 1,563 brokers and nominees on June 9, 2016.

10. Through September 23, 2016, Epiq mailed an additional 108,775 Notice Packets to potential Class Members whose names and addresses were received from individuals or nominees requesting that Notice Packets be mailed by Epiq to such persons, and mailed another 17,658 Notice Packets to nominees who requested Notice Packets so that the nominees could forward the Notice Packets to their customers. Each of these requests was responded to in a timely manner, and Epiq will continue to timely respond to any additional requests received.

11. As of September 23, 2016, an aggregate of 141,826 Notice Packets had been disseminated to potential Class Members by first-class mail. In addition, Epiq has re-mailed 246 Notice Packets to persons or entities whose original mailing was returned by the United States Postal Service and for whom updated addresses were provided to Epiq by the United States Postal Service. In return, Epiq has received a total of 15,940 Proof of Claim Forms from potential Class Members who have submitted them.

## PUBLICATION OF THE SUMMARY NOTICE

12. The Preliminary Approval Order also directed that the Summary Notice be published once in the national edition of the *Investor's Business Daily* and on *PR Newswire*. Accordingly, the Summary Notice was published in the *Investor's Business Daily* and on *PR Newswire* on June 20, 2016. Attached as Exhibit C is confirmation of publication in the *Investor's Business Daily* and on *PR Newswire*.

## TOLL-FREE PHONE NUMBER FOR CLASS MEMBERS

13.     Epiq reserved a toll-free phone number for the Settlement (844-778-5949) and published that toll-free number in the Notice, in the Proof of Claim Form, and on the settlement website.

14.     The toll-free number connects callers directly with a person employed by Epiq to assist callers with their questions.

## WEBSITE

15.     Epiq established and is maintaining a website dedicated to this Settlement (www.NavistarSecuritiesSettlement.com) to provide additional information to Class Members and to answer frequently asked questions. Users of the website can download a copy of the Notice Packet, Stipulation, and Preliminary Approval Order. The web address was set forth in the published Summary Notice, the mailed Notice, and on the Proof of Claim Form. The settlement website was operational beginning on June 9, 2016 and is accessible 24 hours a day, 7 days a week.

16.     As of September 23, 2016, the website has received 984 visitors.

17.     Epiq established and maintains an email address for the Settlement (info@NavistarSecuritiesSettlement.com). That email address was provided in the Notice and on the settlement website. Epiq has responded, and will continue to respond, to emails to that inbox.

## EXCLUSION REQUESTS

18.     Pursuant to the Preliminary Approval Order, Class Members who wish to be excluded from the Settlement Class are required to do so in writing so that the request is received by Thursday, October 7, 2016. As of the date of this Declaration, Epiq has received 10 requests

for exclusion. Once the exclusion request deadline has passed, Epiq will provide a supplemental declaration which lists persons and entities (if any) seeking exclusion from the Settlement Class.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on ~~September 23~~, 2016, in Beaverton, Oregon.

                    Alexander Villanova

Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND – LAKE COUNTY AND VICINITY, Individually and on Behalf of All Others Similarly Situated, <br><br>               Plaintiff, <br><br>    vs. <br><br> NAVISTAR INTERNATIONAL CORPORATION, DANIEL C. USTIAN, ANDREW J. CEDEROTH, and JACK ALLEN, <br><br>               Defendants. | Civ. No. 1:13-cv-2111 <br><br> CLASS ACTION |

# NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

*IF YOU PURCHASED OR ACQUIRED THE COMMON STOCK OF NAVISTAR INTERNATIONAL CORPORATION BETWEEN MARCH 10, 2010 AND AUGUST 1, 2012, BOTH DATES INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. ***Your legal rights will be affected*** whether or not you act.

### PLEASE READ THIS NOTICE CAREFULLY!

1.    **Securities and Time Period:** Navistar International Corporation ("Navistar" or the "Company") common stock (ticker symbol: NAV) purchased or acquired between March 10, 2010 and August 1, 2012, both dates inclusive.

2.    **Description of the Action and the Class:** The Settlement[1] resolves class action litigation over whether Navistar, and certain of Navistar's executives, made or were otherwise liable for material misrepresentations and omissions concerning the Company's development of exhaust gas recirculation ("EGR") diesel engine technology to meet 2010 U.S. Environmental Protection Agency ("EPA") 0.2 NOx emissions requirements.

3.    The Central States, Southeast and Southwest Areas Pension Fund was appointed by the Court to represent all Class Members and was designated as the Lead Plaintiff and as class representative for the case. Norfolk County Retirement System was also designated as class representative for the case. Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") was appointed by the Court to serve as Lead Counsel. The "Class" consists of:

> all persons or entities who purchased or otherwise acquired the common stock of Navistar International Corporation (ticker symbol: NAV) between March 10, 2010 and August 1, 2012, both dates inclusive. Excluded from the Class are: Defendants; members of the immediate family of any Defendant; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of Navistar during the Class Period; the Icahn Group; the MHR Group; and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded person or entity.

4.    **Statement of Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶ 18–20 below, Lead Plaintiff and Norfolk County, on behalf of themselves and the Class, have agreed to settle all Released Claims against the Defendants and other Released Parties in exchange for a settlement payment of $9,100,000.00 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund") and certain other terms. The Settlement Fund less all Taxes, Tax Expenses, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel (the "Net Settlement Fund") will be distributed to members of the Class in accordance with a plan of allocation (the "Plan of Allocation") that will be submitted to and approved by the Court. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

---

[1]    This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated May 4, 2016 (the "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.NavistarSecuritiesSettlement.com.

5.     **Statement of Estimated Average Amount of Recovery:** Your recovery will depend on the number of shares of Navistar common stock that you purchased or acquired during the Class Period, the price(s) at which those shares were purchased or acquired, the timing of your purchases, and any sales. Depending on the number of eligible shares of common stock that participate in the Settlement, and when and at what price that common stock was purchased or acquired and sold, the estimated average recovery per share of Navistar common stock will be approximately $0.21 before deduction of Court-approved fees and expenses and any other awards or payments.

6.     **Statement of the Parties' Position on Damages:** The parties do not agree on the likelihood that Lead Plaintiff, Norfolk County, and/or the Class would be able to prevail at trial or the amount of damages that potentially would be recoverable if Lead Plaintiff, Norfolk County, and/or the Class were to prevail on any or all of their claims. The issues on which the parties disagree include, but are not limited to: (1) whether certain public statements made by Defendants were materially false or misleading; (2) whether the Defendants are liable under the federal securities laws for any statements or alleged omissions; and (3) whether all or part of the damages allegedly suffered by Lead Plaintiff, Norfolk County, and/or members of the Class were caused by any alleged misstatements or omissions.

7.     **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel has litigated this case on a contingent basis. They have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund. This is customary in this type of litigation. Prior to final distribution of the Net Settlement Fund, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 22% of the Settlement Fund (or $2,002,000.00), plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $175,000.00 plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also may apply for reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4) not to exceed approximately $10,000.00. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per share of common stock is $0.05.

8.     **Identification of Attorneys' Representatives:** Lead Plaintiff, Norfolk County, and the Class are being represented by Cohen Milstein Sellers & Toll PLLC. Any questions regarding the Settlement should be directed to Carol V. Gilden, 190 South LaSalle Street, Suite 1705, Chicago, IL 60603, cgilden@cohenmilstein.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND FILE A PROOF OF CLAIM FORM.** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a proof of claim form (the "Proof of Claim Form"), which is included with this Notice, postmarked no later than September 16, 2016. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 7, 2016.** | If you exclude yourself from the Class, you will receive no payment pursuant to this Settlement. You may be able to seek recovery against the Defendants or other Released Parties through other litigation. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 7, 2016.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON OCTOBER 25, 2016 AT 10:30 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 11, 2016.** | You may attend the hearing to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **DO NOTHING** | Receive no payment, remain a Class Member, give up your rights to seek recovery against the Defendants and the other Released Parties through other litigation and be bound by the Judgment entered by the Court if it approves the Settlement, including the release of the Released Claims. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ..................................................................................................... Page 3
What Is This Case About? What Has Happened So Far? .......................................................... Page 4
What Are The Lead Plaintiff's Reasons For The Settlement? .................................................. Page 4
What Might Happen If There Were No Settlement? ................................................................. Page 5
How Do I Know If I Am Affected By The Settlement? ............................................................ Page 5
How Much Will My Payment Be? When Will I Receive It? .................................................... Page 5
What Rights Am I Giving Up By Agreeing To The Settlement? .............................................. Page 9
What Payment Are The Attorneys For The Class Seeking?
       How Will The Lawyers Be Paid? .................................................................................. Page 10
How Do I Participate in the Settlement? What Do I Need To Do? ........................................... Page 10
What If I Do Not Want To Be Part Of The Settlement? How Do I Exclude Myself? .............. Page 10
When And Where Will The Court Decide Whether To Approve The Settlement?
       Do I Have To Come To The Hearing? May I Speak At the Hearing If I Don't Like The Settlement? ... Page 11
What If I Bought Shares on Someone Else's Behalf? ............................................................... Page 12
Can I See The Court File? Who Should I Contact If I Have Questions? ................................... Page 12

## WHY DID I GET THIS NOTICE?

9. This Notice is being sent to you pursuant to an order of the United States District Court for the Northern District of Illinois (the "Court" or "District Court") because you or someone in your family may have purchased or otherwise acquired Navistar common stock as described above. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

10. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives or lead plaintiffs, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.) In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors who purchased or acquired Navistar common stock during the Class Period.

11. The Court in charge of this case is the United States District Court for the Northern District of Illinois, and the case is known as *Construction Workers Pension Trust Fund – Lake County and Vicinity v. Navistar International Corporation, et al.*, No. 1:13-cv-02111 (SLE) (N.D. Ill.) (the "Action"). The Judge presiding over this case is the Honorable Sara L Ellis, United States District Judge. The person who is suing is called the plaintiff, and those who are being sued are called defendants. In this case, the Lead Plaintiff is Central States, Southeast and Southwest Areas Pension Fund, an additional class representative is Norfolk County Retirement System, and the Defendants are Navistar International Corporation; Daniel C. Ustian, the Company's CEO during the Class Period; Andrew J. Cederoth, the Company's CFO during the Class Period; and Jack Allen, the Company's COO during the Class Period. This Settlement is with all Defendants: Navistar International Corporation; Daniel C. Ustian; Andrew J. Cederoth; and Jack Allen.

12. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and the application by Lead Counsel for attorneys' fees and reimbursement of expenses incurred to date (the "Final Approval Hearing").

13.     The Final Approval Hearing will be held on October 25, 2016 at 10:30 a.m., before the Honorable Sara L. Ellis at the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Courtroom 1403, Chicago, IL 60604, to determine:

(i)     whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement (the "Settlement") is fair, reasonable and adequate, and should be approved by the Court;

(ii)    whether a judgment should be entered dismissing the Action with prejudice, and whether the release by the Class Members of the Released Claims should be ordered;

(iii)   whether, for purposes of the Settlement, the Class should be certified; whether Lead Plaintiff and Norfolk County should be finally appointed as class representatives for the Class; and whether Lead Counsel should be finally appointed as class counsel for the Class;

(iv)    whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(v)     whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

14.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. Any distribution will not be paid until after the completion of all claims processing. Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

15.     This Action alleges that in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Defendants misled investors by misrepresenting the status of the Company's development of EGR diesel engine technology to meet 2010 EPA 0.2 NOx emissions requirements. In particular, it alleges that the Company knowingly or recklessly misrepresented the progress it had made in developing 0.2 NOx EGR technology, and that when the market learned that the Company would abandon EGR technology for an alternative technology, investors were harmed. Defendants have expressly denied, and continue to deny, all the allegations of wrongdoing or liability against them in the Action.

16.     On July 22, 2014, the Court dismissed Lead Plaintiff's Consolidated Amended Complaint without prejudice, granting Lead Plaintiff leave to amend. Then, on July 10, 2015, the Court issued a memorandum and order (the "Motion to Dismiss Order") granting in part and denying in part Defendants' motion to dismiss the Second Consolidated Amended Complaint (the "Complaint"). In the Motion to Dismiss Order, the Court found that Lead Plaintiff adequately alleged violations of the Exchange Act against Defendant Ustian for two of the alleged false statements.

17.     On July 22, 2015, Lead Plaintiff and Defendants informed the Court of their intention to explore a potential resolution of the case. On October 1, 2015, Lead Plaintiff and Defendants participated in a day-long mediation under the auspices of a professional mediator; settlement discussions continued in the weeks that followed. On December 1, 2015, Lead Plaintiff and Defendants informed the Court that a settlement in principle had been reached.

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

18.     Lead Plaintiff and Lead Counsel believe that the claims asserted against the Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through continued discovery, trial and appeals, as well as the difficulties in establishing liability. Lead Plaintiff and Lead Counsel have considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one.

19.     In light of the risks of continued litigation, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel also believe that the Settlement provides a substantial benefit now, namely Defendants' payment of $9,100,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future. In this regard, Lead Plaintiff has conducted confirmatory discovery, including the review of documents produced by Defendants.

20.    Defendants have denied and continue to deny the claims alleged in the Action. Defendants also have denied and continue to deny, *inter alia*, that any member of the Class has suffered any damages; that the price of Navistar common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

21.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against the Defendants, neither Lead Plaintiff nor members of the Class would recover anything from the Defendants. Also, if the Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

22.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of: all persons or entities who purchased or otherwise acquired the common stock of Navistar International Corporation (ticker symbol: NAV) between March 10, 2010 and August 1, 2012, both dates inclusive; *except* those persons or entities that timely and validly request exclusion from the Class pursuant to and in accordance with the terms herein. Also excluded from the Class are: Defendants; members of the immediate family of any Defendant; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of Navistar during the Class Period; the Icahn Group; the MHR Group; and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded person or entity.

23.    RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM POSTMARKED NO LATER THAN SEPTEMBER 16, 2016.

## HOW MUCH WILL MY PAYMENT BE? WHEN WILL I RECEIVE IT?

### I.    THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

24.    Navistar, on behalf of all Defendants, has agreed to cause the Settlement Amount to be paid in cash no later than ten (10) business days after the later of: (i) preliminary approval of the Settlement by the District Court, or (ii) receipt by Defendants' Counsel from Lead Counsel of payment instructions. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.

25.    The $9,100,000.00 Settlement Amount, and the interest earned thereon while it is held in escrow before distribution, is referred to as the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, Notice and Administration costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel (the "Net Settlement Fund"), shall be distributed based on the acceptable Proof of Claim Forms submitted by members of the Class ("Authorized Claimants"). The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Proof of Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court.

26.    Your share of the Net Settlement Fund will depend on the number of shares (represented by valid and acceptable Proof of Claim Forms) that members of the Class submit to the Claims Administrator, relative to the Net Settlement Fund; how many shares you purchased or acquired and when you purchased or acquired them; whether you held or sold those shares; the date on which you sold those shares; and the price at which you sold them, among other factors. At this time, it is not possible to determine how much individual Class Members may receive from the Settlement.

27.    A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Class will be made.

28.     For each Authorized Claimant, a Recognized Loss will be calculated. The calculation of a Recognized Loss, as defined in ¶ 29 below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial. Nor is the calculation of a Recognized Loss pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which depends on the total amount of all Recognized Losses of all Authorized Claimants. The Recognized Loss formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants. That computation is only a method to weigh Class Members' claims against one another. Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss.

## II.     CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

29.     The Plan of Allocation has been prepared by Lead Counsel's damages consultant. It reflects the allegations in the Complaint that Defendants made materially untrue and misleading statements and omissions resulting in violations of Sections 10(b) and 20(a) of the Exchange Act and that Lead Plaintiff's damages were caused by disclosures relating to Defendants' misleading statements. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or factors unrelated to the alleged violations of law. As set forth in the Plan of Allocation, Lead Plaintiff alleges that on certain disclosure dates, Navistar disclosed information that allegedly corrected previous alleged misrepresentations and omissions, causing a drop in Navistar's stock price (net of factors unrelated to the alleged misrepresentations and omissions). An Authorized Claimant's Recognized Loss will be based upon the particular disclosure date(s) on which the Claimant held Navistar stock for those shares purchased or acquired during the Class Period.

30.     Based on the foregoing, and for purposes of this settlement only, the Recognized Loss for any share of Navistar common stock purchased or acquired[2] during the Class Period will be calculated as follows:

## III.     PLAN OF ALLOCATION

31.     For all shares of Navistar common stock purchased or otherwise acquired for consideration between March 10, 2010 and August 1, 2012, both dates inclusive, the Recognized Loss is calculated as the number of shares sold multiplied by *the lesser of*:

    A.     the recoverable damages set forth in Table A below; and

    B.     the following calculation depending on the date of sale:

        (i)     if the shares are sold prior to August 2, 2012, the purchase/acquisition price per share less the sale price per share for those shares;

        (ii)     if the shares are sold between August 2, 2012 and October 31, 2012, inclusive, the purchase/acquisition price per share less the PSLRA rolling average price on the date of sale as set forth in Table B below; or

        (iii)     if the shares are still held as of the close of trading on October 31, 2012, the purchase/acquisition price per share less the PSLRA 90-day look back price of $22.73 per share.

| TABLE A | | | | |
|---|---|---|---|---|
| | | Date of Sale (inclusive) | | |
| | | **On or Before 7/5/2012** | **7/6/2012 through 8/1/2012** | **8/2/2012 and later** |
| **Date of Purchase (inclusive)** | **3/10/2010 through 7/5/2012** | $0.00 | $3.43 | $6.62 |
| | **7/6/2012 through 8/1/2012** | | $0.00 | $3.19 |

---

[2] All transactions are to be calculated at trade prices exclusive of commissions or fees.

| TABLE B | | | | | |
|---|---|---|---|---|---|
| **Date** | **PSLRA** | **Date** | **PSLRA** | **Date** | **PSLRA** |
| 8/2/12 | $21.44 | 8/31/12 | $24.11 | 10/2/12 | $23.64 |
| 8/3/12 | $21.92 | 9/4/12 | $23.93 | 10/3/12 | $23.58 |
| 8/6/12 | $22.82 | 9/5/12 | $23.79 | 10/4/12 | $23.54 |
| 8/7/12 | $23.53 | 9/6/12 | $23.79 | 10/5/12 | $23.49 |
| 8/8/12 | $23.86 | 9/7/12 | $23.83 | 10/8/12 | $23.47 |
| 8/9/12 | $24.14 | 9/10/12 | $23.84 | 10/9/12 | $23.45 |
| 8/10/12 | $24.41 | 9/11/12 | $23.86 | 10/10/12 | $23.42 |
| 8/13/12 | $24.54 | 9/12/12 | $23.90 | 10/11/12 | $23.40 |
| 8/14/12 | $24.58 | 9/13/12 | $23.94 | 10/12/12 | $23.38 |
| 8/15/12 | $24.64 | 9/14/12 | $24.00 | 10/15/12 | $23.35 |
| 8/16/12 | $24.71 | 9/17/12 | $24.04 | 10/16/12 | $23.29 |
| 8/17/12 | $24.77 | 9/18/12 | $24.06 | 10/17/12 | $23.25 |
| 8/20/12 | $24.79 | 9/19/12 | $24.08 | 10/18/12 | $23.20 |
| 8/21/12 | $24.82 | 9/20/12 | $24.08 | 10/19/12 | $23.13 |
| 8/22/12 | $24.82 | 9/21/12 | $24.06 | 10/22/12 | $23.07 |
| 8/23/12 | $24.72 | 9/24/12 | $24.03 | 10/23/12 | $23.01 |
| 8/24/12 | $24.61 | 9/25/12 | $23.96 | 10/24/12 | $22.94 |
| 8/27/12 | $24.54 | 9/26/12 | $23.90 | 10/25/12 | $22.87 |
| 8/28/12 | $24.45 | 9/27/12 | $23.85 | 10/26/12 | $22.80 |
| 8/29/12 | $24.35 | 9/28/12 | $23.78 | 10/31/12 | $22.73 |
| 8/30/12 | $24.21 | 10/1/12 | $23.71 | | |

32.     All purchases/acquisitions and sales of Navistar shares during the Class Period shall be matched on a first-in-first-out ("FIFO") basis. Sales of Navistar shares by Class Members during the Class Period and the 90 days thereafter will be matched first against the first Navistar shares purchased or acquired that have not already been matched to sales under FIFO, and then against subsequent purchases/acquisitions in chronological order, until the end of the Class Period. A purchase/acquisition or sale of Navistar common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

33.     The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. However, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Navistar common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

34.     To the extent a Class Member had a gain from his, her, or its overall transactions in Navistar common stock during the Class Period, the value of the claim will be zero. Shares held before the beginning of the Class Period are excluded from the calculation of overall gain or loss. For shares held through the end of the 90-day look back period, a value of $22.73 will be applied as the holding value for the purpose of calculating an overall loss or gain. If, during the Class Period, a Class Member had a net market loss in his, her or its trading in Navistar common stock, the Class Member's net Recognized Loss shall be limited to the Class Member's net market loss.

35.     The receipt or grant by gift, devise or inheritance of Navistar common stock during the Class Period shall not be deemed to be a purchase or acquisition of Navistar common stock for purposes of the calculation of an Authorized Claimant's Recognized Loss if the Person from whom the Navistar common stock was received did not themselves acquire the common stock during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument or gift or assignment.

36.     If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining

in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. The Claims Administrator shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Class Members in the same manner and timeframe as provided for above. If any portion of the Net Settlement Fund remains following the above-described distributions and is of such an amount that in the determination of the Claims Administrator is not cost-effective or efficient to redistribute to the Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax Expenses, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), to be proposed by Lead Counsel and subject to Court approval.

## IV.  DISTRIBUTION OF THE NET SETTLEMENT FUND

37.  The Recognized Loss will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and does not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund. The combined Recognized Losses of all Authorized Claimants may be greater than the Net Settlement Fund. If this is the case, and subject to the $10.00 minimum payment requirement described in ¶ 27 above, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, which shall be his, her or its Recognized Loss divided by the total of all Recognized Losses to be paid, multiplied by the total amount in the Net Settlement Fund.

38.  Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim relating to the Plan of Allocation, or distributions made pursuant to the Plan of Allocation, or denials of any Proof of Claim in whole or in part, against Defendants or the other Released Parties (defined below). No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Norfolk County, Class Members, the Claims Administrator, Defendants, the Released Parties, or any person designated by Lead Counsel. All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Released Claims.

39.  The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, has expired.

40.  Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

41.  Only those Class Members who purchased or otherwise acquired Navistar common stock during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Each person or entity wishing to participate in the distribution must timely submit a valid Proof of Claim Form establishing membership in the Class, and include all required documentation, before the deadline set forth herein.

42.  Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim Form before the deadline shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Settlement, including the terms of any judgments entered and releases given. This means that each Class Member is bound by the release of claims (described in ¶¶ 46–50 below) regardless of whether or not such Class Member submits a Proof of Claim Form.

43.  Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

44.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

45.  The Plan of Allocation set forth herein is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or may modify it without further notice to the Class.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

46.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action and will provide that Lead Plaintiff, Norfolk County, and all other Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors, assigns (or any other person or entity who has the right, ability, standing, or capacity to assert on behalf of any Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)) shall be deemed to have — and by operation of the Judgment shall have — fully and finally released, dismissed and forever discharged the Released Claims against the Released Parties, and shall forever be enjoined from pursuing any or all Released Claims.

47.     There is a risk that Lead Plaintiff, Norfolk County, and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Norfolk County shall expressly fully, finally and forever settle and release — and each Class Member shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released — any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Such claims are referred to as "Unknown Claims" and include any and all Released Claims, of every nature and description, that Lead Plaintiff, Norfolk County, and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class or to release the Released Claims. Lead Plaintiff and Norfolk County acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

48.     The Judgment also will provide that the Defendants and each of the other Released Parties shall be deemed to have and by operation of the Judgment shall have fully, finally and forever waived, released, relinquished, discharged and dismissed each and every one of the Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Settled Defendants' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Notwithstanding the above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

49.     "Released Claims" means any and all actions, causes of action, claims (including "Unknown Claims," as defined in the Settlement), duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations, proceedings, issues, judgments, and liabilities of every nature and description whatsoever (and including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary or otherwise, and any fees, costs, expenses, or charges), whether known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, at law or in equity, whether class, derivative, or individual in nature, whether or not concealed or hidden, which now exist, or heretofore have existed, or can, shall or may exist, whether arising under federal, state, common, statutory, administrative or foreign law, regulation, or at equity, that that Lead Plaintiff, Norfolk County, or any Class Member has asserted in this Action, or could have asserted now or in the future in this Action or in any other proceeding or forum that arise out of, relate to or are based upon, (a) the allegations, claims, transactions, facts, matters, occurrences, events, failures, representations, statements, or omissions alleged, involved, set forth, or referred to in this Action; and (b) the purchase, sale, acquisition or holding of Navistar common stock during the Class Period.  Released Claims do not, however, include claims to enforce this Settlement, or claims in any derivative actions currently pending against any of the Released Parties.

50.     "Released Parties" means each Defendant and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

51.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 22% of the Settlement Fund (or $2,002,000.00), plus interest at the same rate and for the same time period as earned by the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of certain expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $275,000.00, plus interest at the same rate and for the same time period as earned by the Settlement Fund. In addition, Lead Counsel may also apply for reimbursements for, among other things, litigation-related expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4) not to exceed $10,000.00. The sums approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for the payment of these sums.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

52.     If you purchased or acquired Navistar common stock as described above, and you are not excluded from the definition of the Class and you do not timely exclude yourself from the Class in the manner provided in this Notice, then you are a member of the Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a member of the Class, you must submit a Proof of Claim Form and supporting documentation to establish your entitlement to share in the Settlement. A Proof of Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Proof of Claim Form be mailed to you. The website is www.NavistarSecuritieSsettlement.com. You may also request a Proof of Claim Form by calling toll-free (844) 778-5949 or emailing info@NavistarSecuritiesSettlement.com. Copies of the Proof of Claim Form can also be downloaded from Lead Counsel's website at www.cohenmilstein.com. Those who exclude themselves from the Class, and those who do not submit timely and valid Proof of Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement. Please retain all records of your ownership of, or transactions in, Navistar common stock during the Class Period, as they may be needed to document your claim. Do not submit original documentation with your Proof of Claim Form — submit copies only — because materials submitted will not be returned.

53.     As a Class Member, you are represented by Lead Plaintiff, Norfolk County, and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

54.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?"

55.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

56.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement and the releases contained therein, whether favorable or unfavorable, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to Navistar Securities Settlement, P.O. Box 4540, Portland, OR 97208-4540. The exclusion request must be received by no later than October 7, 2016. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *Construction Workers Pension Trust Fund – Lake County and Vicinity v. Navistar International Corporation, et al.*, No. 1:13-cv-02111 (SLE) (N.D. Ill.), and must be signed by such person or entity. Such persons or entities requesting exclusion are also required to provide the following information: (i) the quantity of Navistar common stock purchased (or otherwise acquired) or sold between March 10, 2010 and August 1, 2012, both dates inclusive; (ii) the prices or other consideration paid or received for such common stock; and (iii) the dates of such transactions. Requests for exclusion will not be valid if they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines.

*Please keep a copy of everything you send by mail, in case it is lost during shipping.*

57.     If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Settlement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

**58.     If you do not wish to object in person to the proposed Settlement and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Final Approval Hearing. You can object to or participate in the Settlement without attending the Final Approval Hearing.**

59.     The Final Approval Hearing will be held on October 25, 2016, at 10:30 a.m., before the Honorable Sara L. Ellis at the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Courtroom 1403, Chicago, IL 60604. The Court has the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses at or after the Final Approval Hearing without further notice to the members of the Class.

60.     Any Class Member who does not request exclusion in accordance with ¶ 56 above may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below on or before October 7, 2016. You must also serve the papers on Lead Counsel for the Class and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before October 7, 2016.

| Clerk's Office | Lead Counsel for the Class | Defendants' Counsel |
|:---:|:---:|:---:|
| U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS 219 S. Dearborn St. Chicago, IL 60604 | COHEN MILSTEIN SELLERS & TOLL PLLC Carol V. Gilden, Esq. 190 South LaSalle St., Suite 1705 Chicago, IL 60603 | LATHAM & WATKINS LLP Eric R. Swibel, Esq. 330 N. Wabash Ave., Suite 2800 Chicago, IL 60611 |

61.     To object, you must send a letter, brief or other writing saying that you object to the Settlement in *Construction Workers Pension Trust Fund – Lake County and Vicinity v. Navistar International Corporation, et al.*, No. 1:13-cv-02111 (SLE) (N.D. Ill.), and explaining in detail the basis for your objection or objections. Be sure to include your name, address, telephone number, your signature, the quantity of Navistar common stock that you purchased or acquired from March 10, 2010 and August 1, 2012, both dates inclusive, the dates of these purchases and sales, and copies of documents (such as brokerage statements) sufficient to show that you are a member of the Class. Persons or entities who intend to object to the Settlement, the Plan of Allocation and/or to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses must include a list of cases in which you or your counsel have appeared as settlement objectors or counsel for objectors in the preceding five years.

62.     You may not object to the Settlement, or any aspect of it, if you are not a member of the Class or if you excluded yourself from the Class.

63.     If you wish to be heard orally at the Final Approval Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before October 11, 2016, concerning your intention to appear. Persons or entities who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

64.     You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you have first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

65.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before October 11, 2016.

66. If you object to the Settlement, the Plan of Allocation and/or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not limited to, the release of the Released Claims contained in the Judgment. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will potentially share in the Net Settlement Fund if you file a Proof of Claim Form in the manner stated in ¶ 52 above and the Claims Administrator approves your claim.

67. The Final Approval Hearing may be adjourned by the Court without further written notice to the Class. Any new date for the Final Approval Hearing will be posted on the settlement website at www.NavistarSecuritiesSettlement.com. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement or Lead Counsel's request for reimbursement of expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

68. If you purchased or otherwise acquired Navistar common stock for the beneficial interest of a person or organization other than yourself, you must either (i) within fourteen (14) days after you receive this Notice, request from the Claims Administrator sufficient copies of the Notice and the Proof of Claim Form to forward to all such beneficial owners, and within fourteen (14) days of receipt of the copies of the Notice and the Proof of Claim Form forward them to all such beneficial owners; or (ii) within fourteen (14) days after you receive this Notice, provide a list of the names and addresses of all such beneficial owners (preferably in electronic format (*e.g.*, Excel .csv)) to Navistar Securities Settlement, P.O. Box 4540, Portland, OR 97208-4540, or by email to info@NavistarSecuritiesSettlement.com. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Proof of Claim Form to each beneficial owner whose name and address you provide. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses *actually* incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling the Claims Administrator at (844) 778-5949. Copies of this Notice may be downloaded from the settlement website, www.NavistarSecuritiesSettlement.com, or from Lead Counsel's website, www.cohenmilstein.com.

## CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

69. This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.NavistarSecuritiesSettlement.com, including, among other documents, copies of the Settlement and the Complaint. All inquiries concerning this Notice should be directed to:

Navistar Securities Settlement
P.O. Box 4540
Portland, OR 97208-4540
(844) 778-5949
info@NavistarSecuritiesSettlement.com

**OR**

COHEN MILSTEIN SELLERS & TOLL PLLC
Carol V. Gilden, Esq.
190 S. LaSalle St., Suite 1705
Chicago, IL 60603
(312) 357-0370
cgilden@cohenmilstein.com

**Lead Counsel**

# DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.

Dated: June 9, 2016

By Order of the Court
United States District Court
for the Northern District of Illinois

P29612 v.06 05.31.2016

**MUST BE
POSTMARKED
NO LATER THAN
SEPTEMBER 16, 2016**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
*Construction Workers Pension Trust Fund – Lake County and Vicinity v.
Navistar International Corporation, et al.,*
No. 1:13-cv-02111 (SLE)

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *Construction Workers Pension Trust Fund – Lake County and Vicinity v. Navistar International Corporation, et al.,* No. 1:13-cv-02111 (SLE) (the "Action"), you must complete and, on page 6 hereof, sign this Proof of Claim Form. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

2. Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of Pendency of Class Action and Proposed Settlement ("Notice").

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE SEPTEMBER 16, 2016, ADDRESSED AS FOLLOWS:

*Navistar Securities Settlement*
PO Box 4540
Portland, OR 97208-4540

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Proof of Claim Form.

5. If you are a Class Member and you did not timely and validly request exclusion from the proposed Settlement, you will still be bound by the terms of the Settlement and any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

### IDENTIFICATION OF CLAIMANT

6. THIS PROOF OF CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE NAVISTAR COMMON STOCK (TICKER SYMBOL: NAV) UPON WHICH THESE CLAIMS ARE BASED.

7. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

8. All joint purchasers must sign this Proof of Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

### IDENTIFICATION OF TRANSACTION(S)

9. Use Part II of this form entitled "Schedule of Transactions in Navistar Common Stock" to supply all required details of your transaction(s) in Navistar common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

10. On the schedules, provide all of the requested information with respect to *all* of your purchases of Navistar common stock which took place during the Class Period, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

11. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

12. You should attach documentation verifying your transactions in Navistar common stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

# PROOF OF CLAIM FORM

**MUST BE
POSTMARKED
NO LATER THAN
SEPTEMBER 16, 2016**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
*Construction Workers Pension Trust Fund – Lake County and Vicinity v.
Navistar International Corporation, et al.,*
No. 1:13-cv-02111 (SLE)

## PART I: CLAIMANT IDENTIFICATION

**Claimant/Representative Contact Information:**
The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the distribution (check), if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the above address.

Beneficial Owner's First Name     MI     Beneficial Owner's Last Name

Joint Owner's First Name     MI     Joint Owner's Last Name

Entity Name (if Beneficial Owner is not an Individual)

Representative Name (if different than Beneficial Owner's listed above)

Address Line 1 (Number and Street or P.O. Box)

Address Line 2 (if needed)

City     State or Province     ZIP Code

Foreign Country (only if not USA)

Last 4 Digits of Social Security Number (for individuals) or T.I.N. (for estates, trusts, corporations, etc.)

Telephone Number (Work)     Telephone Number (Home)

Email

Account Number

**PART II: SCHEDULE OF TRANSACTIONS IN NAVISTAR COMMON STOCK**

A. Holdings at Start of Class Period: List all shares of Navistar common stock (ticker symbol: NAV) held as of the close of trading on March 9, 2010.

**Quantity of Shares Held**    ☐☐☐☐☐☐☐☐ . ☐☐☐☐

B. Purchases and Acquisitions: List all purchases and acquisitions of Navistar common stock (ticker symbol: NAV) between March 10, 2010 and October 31, 2012, both dates inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (MMDDYY) | Number of Shares | Price per Share | Total Purchase Price | Transaction Type (P/R)* |
|---|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |

\* P=Purchase, R=Receipt (transfer in)

C. Sales: List all sales of Navistar common stock (ticker symbol: NAV) from March 10, 2010 and October 31, 2012, both dates inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (MMDDYY) | Number of Shares | Price per Share | Total Sales Proceeds | Transaction Type (S/D)* |
|---|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐ . ☐☐ | ☐ |

\* S=Sale, D=Delivery (transfer out)

D. Unsold Holdings: List the number of shares of Navistar common stock (ticker symbol: NAV) held as of the close of trading on October 31, 2012. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**    ☐☐☐☐☐☐☐☐ . ☐☐☐☐

If you require additional space to list your transactions, use photocopies of this page and check this box.  ☐

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 6 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

**PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (WE) SUBMIT THIS PROOF OF CLAIM FORM UNDER THE TERMS OF THE SETTLEMENT DESCRIBED IN THE NOTICE. I (WE) ALSO SUBMIT TO THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WITH RESPECT TO MY (OUR) CLAIM AS A CLASS MEMBER AND FOR PURPOSES OF ENFORCING THE RELEASES SET FORTH IN THE SETTLEMENT AND REPEATED HEREIN. I (WE) FURTHER ACKNOWLEDGE THAT I AM (WE ARE) BOUND BY AND SUBJECT TO THE TERMS OF ANY JUDGMENT THAT MAY BE ENTERED IN THE ACTION. I (WE) AGREE TO FURNISH ADDITIONAL INFORMATION TO THE CLAIMS ADMINISTRATOR TO SUPPORT THIS CLAIM IF REQUESTED TO DO SO. I (WE) HAVE NOT SUBMITTED ANY OTHER CLAIM COVERING THE SAME PURCHASES OR SALES OF NAVISTAR COMMON STOCK AND KNOW OF NO OTHER PERSON HAVING DONE SO ON MY (OUR) BEHALF.

**PART IV: RELEASE**

1. I (WE) HEREBY ACKNOWLEDGE FULL AND COMPLETE SATISFACTION OF, AND DO HEREBY FULLY, FINALLY, AND FOREVER WAIVE, RELEASE, RELINQUISH, DISCHARGE AND DISMISS FROM THE RELEASED CLAIMS EACH AND ALL OF THE "RELEASED PARTIES," DEFINED AS EACH DEFENDANT AND HIS, HER OR ITS RESPECTIVE PAST, PRESENT OR FUTURE DIRECTORS, OFFICERS, EMPLOYEES, PARENTS, PARTNERS, MEMBERS, PRINCIPALS, AGENTS, OWNERS, FIDUCIARIES, SHAREHOLDERS, RELATED OR AFFILIATED ENTITIES, SUBSIDIARIES, DIVISIONS, ACCOUNTANTS, AUDITORS, ATTORNEYS, ASSOCIATES, CONSULTANTS, ADVISORS, INSURERS, CO-INSURERS, REINSURERS, TRUSTEES, ESTATES, BENEFICIARIES, ADMINISTRATORS, FOUNDATIONS, UNDERWRITERS, BANKS OR BANKERS, PERSONAL OR LEGAL REPRESENTATIVES, DIVISIONS, JOINT VENTURES, SPOUSES, DOMESTIC PARTNERS, FAMILY MEMBERS, HEIRS, EXECUTORS, OR ANY OTHER PERSON OR ENTITY ACTING OR PURPORTING TO ACT FOR OR ON BEHALF OF ANY OF THE DEFENDANTS, AND EACH OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS AND ASSIGNS, AND ANY TRUSTS FOR WHICH ANY OF THEM ARE TRUSTEES, SETTLORS, OR BENEFICIARIES.

2. "RELEASED CLAIMS" MEANS ANY AND ALL ACTIONS, CAUSES OF ACTION, CLAIMS (INCLUDING "UNKNOWN CLAIMS," AS DEFINED BELOW), DUTIES, DEBTS, DEMANDS, RIGHTS, DISPUTES, SUITS, MATTERS, DAMAGES, LOSSES, OBLIGATIONS, PROCEEDINGS, ISSUES, JUDGMENTS, AND LIABILITIES OF EVERY NATURE AND DESCRIPTION WHATSOEVER (AND INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS FOR DAMAGES, WHETHER COMPENSATORY, CONSEQUENTIAL, SPECIAL, PUNITIVE, EXEMPLARY OR OTHERWISE, AND ANY FEES, COSTS, EXPENSES, OR CHARGES), WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, FIXED OR CONTINGENT, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, ACCRUED OR UNACCRUED, MATURED OR UNMATURED, AT LAW OR IN EQUITY, WHETHER CLASS, DERIVATIVE, OR INDIVIDUAL IN NATURE, WHETHER OR NOT CONCEALED OR HIDDEN, WHICH NOW EXIST, OR HERETOFORE HAVE EXISTED, OR CAN, SHALL OR MAY EXIST, WHETHER ARISING UNDER FEDERAL, STATE, COMMON, STATUTORY, ADMINISTRATIVE OR FOREIGN LAW, REGULATION, OR AT EQUITY, THAT LEAD PLAINTIFF, NORFOLK COUNTY OR ANY CLASS MEMBER HAS ASSERTED IN THIS ACTION, OR COULD HAVE ASSERTED NOW OR IN THE FUTURE IN THIS ACTION OR IN ANY OTHER PROCEEDING OR FORUM THAT ARISE OUT OF, RELATE TO OR ARE BASED UPON, (A) THE ALLEGATIONS, CLAIMS, TRANSACTIONS, FACTS, MATTERS, OCCURRENCES, EVENTS, FAILURES, REPRESENTATIONS, STATEMENTS, OR OMISSIONS ALLEGED, INVOLVED, SET FORTH, OR REFERRED TO IN THIS ACTION; AND (B) THE PURCHASE, SALE, ACQUISITION OR HOLDING OF NAVISTAR COMMON STOCK DURING THE CLASS PERIOD.  RELEASED CLAIMS DO NOT, HOWEVER, INCLUDE CLAIMS TO ENFORCE THIS SETTLEMENT, OR CLAIMS IN ANY DERIVATIVE ACTIONS CURRENTLY PENDING AGAINST ANY OF THE RELEASED PARTIES.

3. "UNKNOWN CLAIMS" MEANS ANY AND ALL RELEASED CLAIMS, OF EVERY NATURE AND DESCRIPTION, THAT LEAD PLAINTIFF, NORFOLK COUNTY, AND/OR ANY CLASS MEMBER DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR AT THE TIME OF THE RELEASE OF THE RELEASED PARTIES, WHICH IF KNOWN BY HIM, HER

OR IT, MIGHT HAVE AFFECTED HIS, HER OR ITS SETTLEMENT WITH AND RELEASE OF THE RELEASED PARTIES, OR MIGHT HAVE AFFECTED HIS, HER OR ITS DECISION NOT TO OBJECT TO THIS SETTLEMENT OR NOT TO EXCLUDE HIMSELF, HERSELF OR ITSELF FROM THE CLASS OR TO RELEASE THE RELEASED CLAIMS. WITH RESPECT TO ANY SETTLED DEFENDANTS' CLAIMS, "UNKNOWN CLAIMS" MEANS ANY AND ALL SETTLED DEFENDANTS' CLAIMS, OF EVERY NATURE AND DESCRIPTION, WHICH DEFENDANTS AND THE OTHER RELEASED PARTIES DO NOT KNOW OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF THE RELEASE OF LEAD PLAINTIFF, NORFOLK COUNTY, THE CLASS MEMBERS, AND THEIR ATTORNEYS, WHICH, IF KNOWN BY THEM, MIGHT HAVE AFFECTED THEIR DECISIONS WITH RESPECT TO THE RELEASE OF SETTLED DEFENDANTS' CLAIMS OR THE SETTLEMENT. WITH RESPECT TO ANY AND ALL RELEASED CLAIMS, THE SETTLING PARTIES STIPULATE AND AGREE THAT, UPON THE EFFECTIVE DATE, LEAD PLAINTIFF AND NORFOLK COUNTY EXPRESSLY WAIVE, AND EACH CLASS MEMBER SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE EXPRESSLY WAIVED, TO THE FULLEST EXTENT PERMITTED BY LAW, THE PROVISIONS, RIGHTS AND BENEFITS OF CALIFORNIA CIVIL CODE § 1542, AND OF ANY U.S. FEDERAL OR STATE LAW, OR PRINCIPLE OF COMMON LAW OR THE LAW OF ANY FOREIGN JURISDICTION, THAT IS SIMILAR, COMPARABLE, OR EQUIVALENT TO SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH PROVIDES, IN RELEVANT PART:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

LEAD PLAINTIFF, NORFOLK COUNTY, AND OTHER CLASS MEMBERS, OR CERTAIN OF THEM, MAY HEREAFTER DISCOVER FACTS IN ADDITION TO OR DIFFERENT FROM THOSE WHICH HE, SHE OR IT NOW KNOWS OR BELIEVES TO BE TRUE WITH RESPECT TO THE SUBJECT MATTER OF THE RELEASED CLAIMS, BUT LEAD PLAINTIFF, NORFOLK COUNTY, AND THE CLASS MEMBERS, AND EACH OF THEM, UPON THE EFFECTIVE DATE, BY OPERATION OF THE JUDGMENT SHALL HAVE, FULLY, FINALLY, AND FOREVER SETTLED AND RELEASED ANY AND ALL RELEASED CLAIMS, KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, CONTINGENT OR NON-CONTINGENT, WHETHER OR NOT CONCEALED OR HIDDEN, THAT NOW EXIST OR HERETOFORE HAVE EXISTED, UPON ANY THEORY OF LAW OR EQUITY NOW EXISTING OR COMING INTO EXISTENCE IN THE FUTURE, INCLUDING, BUT NOT LIMITED TO, CLAIMS RELATING TO CONDUCT THAT IS NEGLIGENT, RECKLESS, INTENTIONAL, WITH OR WITHOUT MALICE, OR A BREACH OF ANY DUTY, LAW OR RULE, WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS.

4. THIS RELEASE SHALL BE OF NO FORCE OR EFFECT UNLESS AND UNTIL THE COURT APPROVES THE SETTLEMENT AND THE SETTLEMENT BECOMES EFFECTIVE ON THE EFFECTIVE DATE (AS DEFINED IN THE SETTLEMENT).

5. I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE NOT ASSIGNED OR TRANSFERRED OR PURPORTED TO ASSIGN OR TRANSFER, VOLUNTARILY OR INVOLUNTARILY, ANY MATTER RELEASED PURSUANT TO THE SETTLEMENT OR ANY OTHER PART OR PORTION THEREOF.

6. I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE INCLUDED INFORMATION ABOUT ALL OF MY (OUR) PURCHASES AND SALES OF NAVISTAR COMMON STOCK DURING THE REQUIRED PERIODS AS SET FORTH ABOVE.

7. I (WE) HEREBY WARRANT AND REPRESENT THAT I AM (WE ARE) NOT EXCLUDED FROM THE CLASS AS DEFINED IN THE NOTICE.

8. I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

NOTE: IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE.

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____, in _____,

(Month / Year)              (City)

_____.

(State / Country)

|  |
|---|
|  |

Signature of Claimant

Date: [  ][  ] – [  ][  ] – [  ][  ]
    MM    DD    YY

Print Name of Claimant

Signature of Joint Claimant, if any

Date: [  ][  ] – [  ][  ] – [  ][  ]
    MM    DD    YY

Print Name of Joint Claimant, if any

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

Signature of Person Completing Form

Date: [  ][  ] – [  ][  ] – [  ][  ]
    MM    DD    YY

Print Name of Person Completing Form

Capacity of Person(s) Signing, (e.g., Beneficial Purchaser, Executor or Administrator)

**REMINDER CHECKLIST**

☐ 1. Please be sure to sign this Proof of Claim Form.
☐ 2. Remember to attach **COPIES OF** documentation verifying your transactions listed above.
☐ 3. **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**
☐ 4. Keep a copy of your Proof of Claim Form for your records.
☐ 5. If you move, please send your new address to the Claims Administrator at the address below:

*Navistar Securities Settlement*
PO Box 4540
Portland, OR 97208-4540

info@NavistarSecuritiesSettlement.com
(844) 778-5949

☐ 6. **Do not use highlighter on the Proof of Claim Form or supporting documentation.**

Exhibit B

*Navistar Securities Settlement*
P.O. Box 4540
Portland, OR 97208-4540

Website:  www.NavistarSecuritiesSettlement.com
Email:  info@NavistarSecuritiesSettlement.com
Phone:  1-844-778-5949

---

**NOTICE TO BROKERS, BANKS, AND OTHER NOMINEES**
*Navistar Securities Settlement*

---

You may be a broker, bank, or other nominee that purchased or acquired Navistar International Corporation ("Navistar") common stock (ticker symbol: NAV) between March 10, 2010 and August 1, 2012, both dates inclusive, for the beneficial interest of a person or entity other than yourself. The CUSIP for Navistar common stock during the period is 63934E108.

The enclosed Notice of Pendency of Class Action and Proposed Settlement ("Notice") and Proof of Claim Form are regarding a proposed settlement of a class action entitled *Construction Workers Pension Trust Fund – Lake County and Vicinity v. Navistar International Corporation, et al.*, No. 1:13-cv-2111 (the "Action"). Beneficial owners and former owners of Navistar common stock, as defined above, may qualify for a payment and/or act on other legal rights.

**The Court has directed that,**
**WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE,**
**YOU DO ONE OF THE FOLLOWING:**

(1) Provide the Claims Administrator with a list of the names and last known addresses of beneficial owners of Navistar common stock (as defined above);
(2) Request from the Claims Administrator additional copies of the Notice and Proof of Claim Form, which will be provided to you free of charge, and promptly mail the Notice and Proof of Claim Form directly to all such beneficial owners; OR
(3) Forward copies of the enclosed Notice and Proof of Claim Form to the beneficial owners.

**IF YOU ARE PROVIDING NAMES AND ADDRESSES**

(1) Compile a list of names and addresses for beneficial owners of Navistar common stock.
(2) Prepare the list in Microsoft Excel format following the "Electronic Name and Address File Layout" below. A preformatted spreadsheet can also be found on the "Nominees" page of the settlement website, www.NavistarSecuritiesSettlement.com.
(3) Then you must:
(a) Email the list to the Claims Administrator at info@NavistarSecuritiesSettlement.com,
(b) Upload the spreadsheet online at www.NavistarSecuritiesSettlement.com, or
(c) Burn the Microsoft Excel file(s) to a CD or DVD and mail the CD or DVD to Epiq Systems, Inc., the Claims Administrator, at:

*Navistar Securities Settlement*
P.O. Box 4540
Portland, OR 97208-4540

**IF YOU ARE MAILING THE NOTICES ON YOUR OWN**

If you elect to mail the Notice and Proof of Claim Form to beneficial owners yourself, additional copies of the Notice and Proof of Claim Form may be requested via email to info@NavistarSecuritiesSettlement.com. If you are providing the Notice and Proof of Claim Form to beneficial owners, the mailing must be completed within fourteen (14) calendar days of receipt of the Notice and Proof of Claim Form from the Claims Administrator. Failure to timely forward the Notice and Proof of Claim Form to beneficial owners may affect their legal rights.

### Electronic Name and Address File Layout

| Column | Description | Length | Notes |
|--------|-------------|--------|-------|
| A | Account # | 15 | Unique identifier for each record |
| B | Beneficial owner's first name | 25 | |
| C | Beneficial owner's middle name | 15 | |
| D | Beneficial owner's last name | 30 | |
| E | Joint beneficial owner's first name | 25 | |
| F | Joint beneficial owner's middle name | 15 | |
| G | Joint beneficial owner's last name | 30 | |
| H | Business or record owner's name | 60 | Businesses, trusts, IRAs, and other types of accounts |
| I | Representative or contact name | 45 | |
| J | Address 1 | 35 | |
| K | Address 2 | 25 | |
| L | City | 25 | |
| M | U.S. state or Canadian province | 2 | U.S. and Canada addresses only[1] |
| N | ZIP Code | 10 | |
| O | Country (other than U.S.) | 15 | |

### Expense Reimbursement

You are entitled to reimbursement for your reasonable expenses actually incurred in complying with the foregoing, including reimbursement of reasonable postage expenses and reasonable costs of obtaining the names and addresses of beneficial owners, provided you timely submit an invoice to the Claims Administrator. Please submit a copy of your invoice to the Claims Administrator <u>within one month</u> of either your completion of mailing to beneficial owners or the date you send your list to the Claims Administrator, and thus no later than approximately 44 calendar days from your receipt of this letter.

If you have any questions, you may contact the Claims Administrator at 1-844-778-5949 or by email: info@NavistarSecuritiesSettlement.com. Thank you for your cooperation.

---

[1] For countries other than the U.S. and Canada, place any territorial subdivision in "Address 2" field.

Exhibit C

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *Navistar Securities Litigation*

I, Kathleen Komraus, hereby certify that

(a) I am the Media Coordinator at Epiq Systems Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

*6.20.16 – Investor's Business Daily*
*6.20.16 – PR Newswire*

x _Kathleen Komraus_
**(Signature)**

_Media Coordinator_
**(Title)**

# IBD 50

**SMARTSELECT® COMPOSITE RATING**

### COMPANIES 16-30

| Rank | Company | Price | Rel Str Rtg | EPS Rtg | Annual %Chg | Last Qtr %Chg | Next Qtr %Chg | Last Qtr Sales %Chg | ROE % | Group Rtg |
|------|---------|-------|---|---|---|---|---|---|---|---|
| 16 | **Paycom Software Inc** 41.86 ►Company provides human resources services via cloud. | | 99 | 99 | 87 | +67 | +175 | +30 | +63 | 27 | 16 | 11 |
| 17 | **Acuity Brands** 244.6 ►Leading manufacturer of efficient LED lighting products. | | 97 | 97 | 89 | +42 | +17 | +26 | +19 | 13 | 2 |
| 18 | **Gigamon Inc** 35.02 ►Products help optimize performance of network infrastructures. | | 99 | 95 | 11 | +43 | +15 | +43 | 21 | 19 | 10 |
| 19 | **Align Tech** 79.17 ►Teens, overseas markets give teeth realignment expert opportunities. | | 99 | 94 | 92 | +26 | +21 | +17 | 21 | 17 | 21 | 2 |
| 20 | **B & G Foods Inc** 45.37 ►Makes jellies, hot sauce and other shelf-stable food products. | | 99 | 99 | 95 | +37 | +71 | +55 | +63 | 22 | 14 | 2 |
| 21 | **Netease Inc Adr** 163.1 ►Online gamer will launch Mojang's popular Minecraft game in China. | | 98 | 99 | 84 | +21 | +79 | +32 | +108 | 28 | 39 | 4 |
| 22 | **Broadsoft Inc** 42.02 ►Strong demand for its AirFiber wireless network system. | | 98 | 93 | 91 | 0 | +54 | -16 | +31 | 26 | 21 | 2 |
| 23 | **Ubiquiti Networks** 39.81 ►Seeing strong demand for its AirFiber wireless network system. | | 99 | 93 | 90 | +19 | +34 | +18 | +14 | 47 | 32 | 69 |
| 24 | **Copart Inc** 48.59 ►Auctioned vehicles are sold to dismantlers, rebuilders and others. | | 97 | 99 | 94 | +43 | +45 | +25 | +17 | 22 | 28 | 11 |
| 25 | **Smith A O** 84.44 ►Water heater manufacturer No. 1 seller in China and U.S. markets. | | 95 | 97 | 86 | +11 | +25 | +15 | +3 | 20 | 15 | 2 |
| 26 | **V C A Inc** 65.24 ►Provides wide array of pet health care services. | | 96 | 94 | 89 | +20 | +32 | +17 | +13 | 16 | 15 | 5 |
| 27 | **Middleby Corp** 119.2 ►Makes wide range of cooking appliances for commercial restaurants. | | 99 | 97 | 85 | +13 | +9 | +27 | 21 | 17 | 2 |
| 28 | **Citrix Systems** 83.81 ►Company working on spin off of GoTo family of businesses. | | 97 | 96 | 84 | +14 | +82 | +15 | +9 | 34 | 25 | 0 |
| 29 | **Dollar General Corp** 90.05 ►Discount retailer plans to open 900 stores in 2016. | | 97 | 91 | 88 | +17 | +23 | +15 | +21 | 21 | 9 | 0 |
| 30 | **Inphi Corp** 32.22 ►Becoming key player in 100 gigabit/second data transmission tech. | | 97 | 88 | 90 | +15 | +13 | +17 | +17 | 12 | 16 | 20 |














### Know Your Company!

Pick stocks with strong fundamentals & sound base patterns. Verify CAN SLIM vitals — big earnings, sales, return on equity or profit margins, fund sponsorship & market in uptrend. Read stock story on investors.com, check a chart. Is your stock near a sound buy point? Or is its price extended over 5% from a chart base and more risky?

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CONSTRUCTION WORKERS PENSION TRUST FUND – LAKE COUNTY AND VICINITY, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

NAVISTAR INTERNATIONAL CORPORATION, DANIEL C. USTIAN, ANDREW J. CEDEROTH, and JACK ALLEN,

    Defendants.

Civ. No. 1:13-cv-2111

CLASS ACTION

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED COMMON STOCK OF NAVISTAR INTERNATIONAL CORPORATION ("NAVISTAR" OR THE "COMPANY") (TICKER SYMBOL: NAV) BETWEEN MARCH 10, 2010 AND AUGUST 1, 2012, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED that a proposed Settlement has been reached in this Action.[1] A hearing will be held with respect to the Settlement on **October 25, 2016**, at 10:30 A.M. before the Honorable Sara L. Ellis of the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Courtroom 1403, Chicago, IL 60604.

The purpose of the hearing is to determine, among other things, whether the proposed Settlement of the securities class action claims asserted in this Action, pursuant to which Navistar, on behalf of all Defendants, will cause to be deposited into a Settlement Fund the sum of nine million one hundred thousand dollars ($9,100,000.00) in exchange for the dismissal of the Action with prejudice and a release of claims against the Defendants and other Released Parties, should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class. If you purchased or otherwise acquired Navistar common stock (ticker symbol: NAV) during the Class Period, you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim Form no later than **September 16, 2016**, and if the information and documentation you provide in that Proof of Claim Form establishes that you are entitled to a recovery.

This Summary Notice provides only a summary of matters regarding the Action and the Settlement. A detailed notice (the "Notice") describing the Action, the proposed Settlement, and the rights of Class Members to appear in Court at the Final Approval Hearing, to request to be excluded from the Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Class Members. You may obtain a copy of that Notice, a Proof of Claim Form, or other information at www.NavistarSecuritiesSettlement.com, or by writing to the following address or calling the following telephone number.

**Navistar Securities Settlement**
**P.O. Box 4540**
**Portland, OR 97208-4540**
**(844) 778-5949**

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise request to be heard, by submitting a written objection in accordance with the procedures described in the Notice. The objection must be filed and served so that it is received no later than **October 7, 2016**. You also have the right to exclude yourself from the Class by submitting a written request for exclusion from the Class in accordance with the procedures described in the Notice. The request for exclusion must be received no later than **October 7, 2016**. If the Settlement is approved by the Court, you will be bound by the Settlement and Judgment, including the release provisions provided for in the Settlement and Judgment, unless you submit a request to be excluded.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** Inquiries, other than requests for the detailed Notice referenced above and a Proof of Claim Form, may be made to Lead Counsel for the Lead Plaintiff:

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden, Esq.
190 S. LaSalle St., Suite 1705
Chicago, IL 60603
Tel: (312) 357-0370
Email: cgilden@cohenmilstein.com

Dated: June 9, 2016

    By Order of the Court,
    United States District Court
    for the Northern District of Illinois

[1] This Summary Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated May 4, 2016 (the "Settlement"), and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.NavistarSecuritiesSettlement.com.

---

# FINALLY...

## An investment strategy that actually works!



GorillaTrades is an investment system that **actually works!** Time and time again, the GorillaTrades system has identified stock trades with explosive price appreciation potential.

Let's take the example to the left, **Skechers (SKX)**, which netted GorillaTrades subscribers a **+108% return** just last year! The GorillaTrades system identified precisely when to enter, and more importantly, **when to get out.**

Because the Gorilla constantly raises the second target, and more importantly, the stop loss as well, GorillaTrades subscribers were easily able to capitalize on this fast-running stock. In fact, systematically raising the stop loss each week from the initial point of $18.65* to $43.35*, helped GorillaTrades subscribers to **lock in a +108% profit in less than seven months!**

This is just one of many examples of how when used properly, the GorillaTrades system can help to ease the burden that falls on individual investors.

**Don't get stuck holding the bag in this "jungle" of a stock market, see what GorillaTrades can do for you!**

## GorillaTrades

### Silly Name. Serious Stock Picks!

Try GorillaTrades absolutely **FREE** for 30 days – No credit card required!

*Adjusted for 3-for-1 split

**gorillatrades.com/ibd**

---

**Leaderboard**
BY INVESTOR'S BUSINESS DAILY

We invite you to take a complimentary two week trial.
Call 1.800.831.2525 or go to www.investors.com/LB1

© 2016 Investor's Business Daily, Inc. Investor's Business Daily, IBD and CAN SLIM, Leaderboard and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc.

**INVESTOR'S BUSINESS DAILY**

# TRADING SUMMIT

LEARN ESSENTIAL STOCK TRADING STRATEGIES AT A FREE SUMMIT

**Register now: Call 1.800.831.2525 or go to: www.investors.com/TradingSummit**

© 2016 Investor's Business Daily, Inc. Investor's Business Daily, IBD, CAN SLIM, Leaderboard and corresponding registered trademarks owned by Investor's Business Daily, Inc.



(/)



# Cohen Milstein Sellers & Toll PLLC Announces Proposed Settlement of Class Action Against Navistar International Corporation

07:59 ET from United States District Court, Northern District of Illinois, Eastern Division (http://www.prnewswire.com/news/united+states+district+court%2C+northern+district+of+illinois%2C+eastern+division)

f　　t　　G+　　in　　p

CHICAGO, June 20, 2016 /PRNewswire/ --

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND – LAKE COUNTY AND VICINITY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civ. No. 1:13-cv-2111<br><br>CLASS ACTION |
| Plaintiff, | ) | |
| vs. | ) ) | |
| NAVISTAR INTERNATIONAL CORPORATION, DANIEL C. USTIAN, ANDREW J. CEDEROTH, and JACK ALLEN, | ) ) ) ) | |
| Defendants. | ) ) | |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED COMMON STOCK OF NAVISTAR INTERNATIONAL CORPORATION ("NAVISTAR" OR THE "COMPANY") (TICKER SYMBOL: NAV) BETWEEN March 10, 2010 and August 1, 2012, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED that a proposed Settlement has been reached in this Action.[1] A hearing will be held with respect to the Settlement on **October 25, 2016**, at 10:30 A.M. before the Honorable Sara L. Ellis at the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Courtroom 1403, Chicago, IL 60604.

The purpose of the hearing is to determine, among other things, whether the proposed Settlement of the securities class action claims asserted in this Action, pursuant to which Navistar, on behalf of all Defendants, will cause to be deposited into a Settlement Fund the sum of nine million one hundred thousand dollars ($9,100,000.00) in exchange for the dismissal of the Action with prejudice and a release of claims against the Defendants and other Released Parties, should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class. If you purchased or otherwise acquired Navistar common stock (ticker symbol: NAV) during the Class Period, you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim Form no later than **September 16, 2016**, and if the information and documentation you provide in that Proof of Claim Form establishes that you are entitled to a recovery.

This Summary Notice provides only a summary of matters regarding the Action and the Settlement. A detailed notice (the "Notice") describing the Action, the proposed Settlement, and the rights of Class Members to appear in Court at the Final Approval Hearing, to request to be excluded from the Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Class Members. You may obtain a copy of that Notice, a Proof of Claim Form, or other information at www.NavistarSecuritiesSettlement.com, or by writing to the following address or calling the following telephone number.

**Navistar Securities Settlement**
**P.O. Box 4540**
**Portland, OR 97208-4540**
**(844) 778-5949**

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise request to be heard, by submitting a written objection in accordance with the procedures described in the Notice. The objection must be filed and served so that it is received no later than **October 7, 2016**. You also have the right to exclude yourself from the Class by submitting a written request for exclusion from the Class in accordance with the procedures described in the Notice. The request for exclusion must be received no later than **October 7, 2016**. If the Settlement is approved by the Court, you will be bound by the Settlement and the Court's Judgment, including the releases provided for in the Settlement and Judgment, unless you submit a request to be excluded.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the detailed Notice referenced above and a Proof of Claim Form, may be made to Lead Counsel for the Lead Plaintiff:

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden, Esq.
190 S. LaSalle St., Suite 1705
Chicago, IL 60603
Tel: (312) 357-0370
Email: cgilden@cohenmilstein.com

Dated: June 9, 2016　By Order of the Court,
United States District Court
for the Northern District of Illinois

URL: www.NavistarSecuritiesSettlement.com

6/20/2016    Cohen Milstein Sellers & Toll PLLC Announces Proposed Settlement of Class Action Against Navistar...

Case: 1:13-cv-02111 Document #: 175-4 Filed: 09/24/16 Page 35 of 35 PageID #:2384

1 This Summary Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated May 4, 2016 (the "Settlement"), and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.NavistarSecuritiesSettlement.com.

SOURCE United States District Court, Northern District of Illinois, Eastern Division

**Related Links**

http://www.navistarsecuritiessettlement.com

**Contact (/contact-us/)**

Chat Online with an Expert
Contact Us (/contact-us/)

**Solutions (/solutions/overview/)**

For Marketers (/solutions/marketing/)
For Public Relations (/solutions/public-relations/)
For IR & Compliance (/solutions/ir-compliance/)
For Agency (/solutions/agency/)
For Small Business (http://www.smallbusinesspr.com/)
All Products (/solutions/products-overview/)

**About (http://prnewsroom.mediaroom.com/index.php)**

About PR Newswire (http://prnewsroom.mediaroom.com/index.php)
About Cision (http://www.cision.com/us/?utm_medium=website&utm_source=prnewswire&utm_content=cishomepage&utm_c
Become a Publishing Partner (/contact-us/prnewswire-partners/)
Become a Channel Partner (/contact-us/become-a-partner/)
Careers (http://prncareerroom.drivetheweb.com/)

Global Sites ()

My Services ()

888-776-0942
from 8 AM - 10 PM ET (tel:888-776-0942)

Terms of Use (/terms-of-use-apply.html) | Privacy Policy (/privacy-policy.html) | Information Security Policy Statement (/prn-information-security-policy.html) | Site Map (/sitemap/) | Copyright © RSS Feeds (/rss/)2016 PR Newswire Association LLC. All Rights Reserved. A Cision (http://www.cision.com/us/?utm_medium=website&utm_source=prnewswire&utm_content=cishomepage&utm_campaign=prnewswire) company.