**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND – LAKE COUNTY AND VICINITY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAVISTAR INTERNATIONAL CORPORATION, DANIEL C. USTIAN, ANDREW J. CEDEROTH, and JACK ALLEN,<br><br>Defendants. | Civ. No. 1:13-cv-2111<br><br>CLASS ACTION |

**ORDER ON LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND REIMBURSEMENT OF LEAD PLAINTIFF'S COSTS AND EXPENSES**

Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Reimbursement of Lead Plaintiff's Costs and Expenses ("Fee Application") duly came before the Court for a hearing on November 1, 2016. The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the November 1, 2016 hearing. Due and adequate notice having been given to the Class as required by the Court's May 25, 2016 Preliminary Approval Order (Dkt. No. 163), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

1

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 161) (the "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4. Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Class Member has objected to Lead Counsel's request.

5. The Fee Application is hereby GRANTED.

6. Lead Counsel are hereby awarded attorneys' fees in the amount of 22% of the Settlement Fund, or $2,002,000, and $152,156.28 in reimbursement for Lead Counsel's litigation expenses (which fees and expenses shall be paid to Lead Counsel from the Settlement Fund), which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.

7. Lead Plaintiff has also requested reimbursement of its expenses incurred directly related to its representation of the Class in this Action. Pursuant to 15 U.S.C. § 78u-4(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the

representation of the class" may be made to "any representative party serving on behalf of a class."

8. Lead Plaintiff Central States, Southeast and Southwest Areas Pension Fund is hereby awarded its expenses, including lost wages, in the amount of $8,715.50, which represents its reasonable costs and expenses directly related to the representation of the Class.

9. Pursuant to paragraph 24 of the Settlement, the fees and expenses awarded herein shall be payable to Lead Counsel within ten (10) days after both the Judgment and this Order by the Court approving Lead Counsel's Fee Application become Final. Any awarded attorneys' fees and Litigation Expenses shall be paid to Lead Counsel from the Escrow Account. Notwithstanding the foregoing, such attorneys' fees and Litigation Expenses awarded by the Court may be paid immediately following entry of the Judgment and this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 24 of the Settlement.

10. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. the Settlement has created a fund of $9,100,000 in cash that has been paid into an escrow account for the benefit of the Class pursuant to the terms of the Settlement, and that Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

   b. a fee of 22% of the Settlement Fund is within an acceptable range of fees;

   c. the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor;

d. copies of the Notice were mailed to potential Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 22% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $175,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund;

e. no Class Member has objected to the Fee Application; and

f. the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable.

11. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expense application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

12. Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement and this Order.

13. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement and shall be vacated in accordance with the terms of the Settlement.

IT IS SO ORDERED.

Dated: November 1, 2016

_____
THE HONORABLE SARA L. ELLIS
UNITED STATES DISTRICT JUDGE